IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN BRADLEY CORBIN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 23-CV-5080 |
| KYLE FRENCH, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**GALLAGHER, J.**                                                                                           **MARCH 29, 2024**

Plaintiff Ian Bradly Corbin, a convicted state prisoner currently incarcerated at SCI Coal Township, filed a Complaint on June 30, 2023 in the Court of Common Pleas of Lehigh County asserting violations of his state and federal rights arising from his October 8, 2019 arrest on drug charges and his subsequent prosecution and conviction. *See Corbin v. French*, No. 2023-1852 (C.P. Lehigh) (ECF No. 1-1) ("Compl."). The Complaint asserts claims against Allentown Police Officers Kyle French and Andrew Holveck; Lehigh County District Attorney James Martin, Assistant District Attorney Joseph Stauffer, and the Lehigh County District Attorney's Office; Lehigh County Public Defender Carol Marciano and the Lehigh County Public Defender's Office; Lehigh County Court of Common Pleas Judges Maria L. Dantos (ret.) and Douglas G. Reichley;[1] Lehigh Valley Bail Bonds ("LVBB") and LVBB employee Chris Gorman; SCI Coal Township Warden Thomas McGinley; the City of Allentown; Lehigh County; and the Commonwealth of Pennsylvania. (Compl. at 6-9.) The City of Allentown removed the Complaint to this Court, asserting the existence of federal question jurisdiction. (*See* Notice of Removal (ECF No. 1 at 6.))

---

[1] By Order dated October 30, 2023, the state court dismissed with prejudice on immunity grounds Corbin's claims against Judges Dantos and Reichley. (*See* ECF No. 1-3.)

Currently before the Court are the City's Notice of Removal, Corbin's Complaint, Corbin's Motion to Remand the Complaint to the Court of Common Pleas of Lehigh County, and the City's Response to Corbin's motion. (ECF Nos. 1, 1-1, 5, 6.) For the following reasons, the Court will deny Corbin's Motion to Remand. Upon screening Corbin's Complaint, the Court will dismiss his claims against Dantos and Reichley; Martin, Stauffer, and the Lehigh County District Attorney's Office; Marciano and the Lehigh County Public Defender's Office; LVBB and LVBB employee Gorman; SCI Coal Township Warden Thomas McGinley; Lehigh County; and the Commonwealth of Pennsylvania with prejudice. The balance of Corbin's claims will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(A)(b)(1). Corbin will not be granted leave to amend in this case but may pursue the claims not dismissed with prejudice in this case as part of an earlier case he filed, *Corbin v. French*, No. 22-3016 (E.D. Pa.).

I. **CORBIN'S MOTION TO REMAND**

On December 21, 2023, the City of Allentown removed this case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), 14443, and 1367, asserting that Corbin's Complaint raises claims arising under the United States Constitution, over which United States District Courts have original jurisdiction. (ECF No. 1 at 6) (citation omitted). Corbin filed a Motion to Remand, asserting that remand is required because of defects in the removal process, namely, the City (the removing party) did not provide written notice of the removal to Corbin, and did not file a copy of the notice of removal with the Lehigh County Clerk of Judicial Records as required under 28 U.S.C. § 1446(d). (ECF No. 5 at 2.) Additionally, he asserts that not all defendants in this action have joined or consented to removal, as required under 28 U.S.C. 1446(b). (*Id*. at 3.) For the following reasons, Corbin's Motion will be denied.

Once a case is removed to federal court, a motion to remand must be filed within thirty days after a notice of removal has been filed, based on "any defect other than the lack of subject matter jurisdiction." 28 U.S.C. § 1447. Once presented with a motion to remand, the burden is on the removing party to establish the suitability of removal and that the case is properly before a federal court. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). "Remand to the state court is therefore appropriate for '(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process.'" *Ramos v. Quien*, 631 F. Supp. 2d 601, 606-07 (E.D. Pa. 2008) (citation omitted). Corbin contends that there were defects in the removal process requiring remand because, *inter alia*, he did not receive notice of the removal.

Section 1446(d) provides, "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of court of such State court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). If a defendant fails to comply with section 1446(d), the court can remand the action. *Florimonte v. Borough of Dalton*, No. 21-0756, 2022 WL 989384, at *2 (M.D. Pa. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 2712040 (M.D. Pa. Apr. 6, 2022) (citation omitted). However, remand is not mandated in the absence of timely notice to the adverse party. *See Florimonte*, 2022 WL 989384, at *2-*3 ("However, the raw calculation of time is not the only factor in calculating promptness, as courts have begun adopting a more flexible standard. Even if a defendant failed to timely provide notice, Plaintiff cannot defeat removal if there was (1) a good faith effort at notice, (2) the delay was insignificant, and (3) the adverse party was not prejudiced.") (citing *Khan v. Bank of Am. Home Loan Servicing L.P.*, No. 12-0117, 2012 WL 1495592, at *2 (D.N.J. Apr. 27, 2012)); *Khan*, 2012 WL 1495592, at *3 (denying plaintiff's motion to remand where notice of removal was mailed to the wrong address,

3

but plaintiffs became aware of the removal when they received subsequent mailings, noting that "a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff," and "[e]ven if [defendant's] efforts [to provide notice] did not constitute a good faith attempt . . . the delay experienced by Plaintiffs was not significant."); *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 248 (S.D.N.Y 2000) (concluding that remand was not appropriate based on defendant's alleged failure to provide timely notice of removal because "the delay was relatively short and no action was taken by the state court between the time of actual removal and the time of the requisite notice" such that "the alleged defect [was] harmless and, not being jurisdictional, creates no basis for remand.")

In response to Corbin's claim that he was not served with the Notice of Removal, the City states that they served a copy of the Notice of Removal and related documents on Corbin on December 27, 2023 and refer the Court to a Certificate of Service. (ECF No. 6 at 3; ECF No. 6-4.) The Certificate of Service states that service was made on Corbin at the address of SCI Coal Township on December 21, 2023. (ECF No. 6-4.) The City states that the mailing was not returned. (ECF No. 6 at 3.) Additionally, the City notes that, to the extent Corbin did not receive the Notice of Removal mailed to him, he was advised of the Removal approximately five weeks after the removal was effected, at a January 30, 2024 hearing in the Lehigh County case at which Corbin was present.[2] (*Id*. at 2.)

The Court finds that the City's effort to serve Corbin with the Notice of Removal by mailing a copy to him at SCI Coal Township constituted a good faith effort to provide written

---

[2] The City does not describe the nature of the hearing or explain why it was held while the case was stayed pending appeal.

notice of the removal.[3]  In any event, the delay in Corbin's receipt of notice of the removal was not significant, and he makes no plausible argument that he suffered prejudice from the delay.

Corbin's final argument in support of his request for remand is that not all Defendants have joined in or consented to the removal of his case to this Court.  (ECF No. 5 at 3.)  However, the state court docket reflects that at the time of removal in December 2023, no defendant had yet been served with the state court Complaint.  (*See* ECF No. 1-2.)  The unanimity rule to which Corbin refers does not apply to any defendant that has not been served or is not otherwise in receipt of the complaint at the time of removal.  *The Knit With v. Aurora Yarns*, No. 09-5981, 2010 WL 844739, at *3 (E.D. Pa. Mar. 11, 2010) (citation omitted).  Thus, this argument, too, fails, and for these reasons, Corbin's Motion to Remand will be denied.

## II.  FACTUAL ALLEGATIONS AND LITIGATION HISTORY[4]

### A.  Prior Litigation in this Court

In July, 2022, Corbin filed a civil rights complaint in this court pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights.  The gravamen of Corbin's Complaint and subsequently filed Amended Complaint was that an October 8, 2019 arrest giving rise to drug-related criminal charges against him was conducted in violation of his rights, and that his continued efforts to obtain release on this basis had been thwarted by the concerted efforts of the

---

[3] The SCI Coal Township website instructs that general correspondence is to be sent to Smart Communications/PA DOC (address omitted here), and that legal mail requires a control number OR can be sent to the SCI Business Office for processing.  (*See* https://www.cor.pa.gov/Pages/Mail.aspx, last accessed March 25, 2024).  Based on the Certificate of Service, the City appears to have failed to follow these instructions in attempting to provide Corbin with written notice of its Notice of Removal, since the Certificate shows a direct mailing to Corbin at the prison and fails to note a control number.

[4] The allegations set forth in this portion of the Memorandum are taken from Corbin's Complaint (ECF No. 1-1)*.*  The Court adopts the pagination supplied by the CM/ECF docketing system.  Additionally, the Court includes facts reflected in the publicly available state court dockets and the dockets for prior civil actions filed by Corbin, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

named Defendants. He claimed that, as a result, he had been wrongly convicted and incarcerated. *See Corbin v. French*, No. 22-3016, 2022 WL 17251756 at *2-*3 (E.D. Pa. Nov. 28, 2022). In that case, Corbin asserted claims against the Commonwealth of Pennsylvania; Lehigh County; the City of Allentown; the Lehigh County Court of Common Pleas; Lehigh County Court of Common Pleas Judges Dantos (ret.) and Reichley; Lehigh County District Attorney James Martin and Assistant District Attorney Joseph Stauffer; and Allentown Police Officers Andrew Holveck and Kyle French. *Id*. at *1. Corbin asserted § 1983 claims based on violations of his Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights; violations of several federal statutes, including 42 U.S.C. §§ 1981, 1985, 1986, 1987, 1988, and 1994; violations of unidentified federal and state criminal statutes; and violations of provisions of the Pennsylvania Constitution, 28 U.S.C. § 453, the Rules of Professional Conduct governing attorneys, and the Pennsylvania Judicial Code of Conduct. *Id*. at *3. Corbin also included a claim for malicious prosecution against Defendant Stauffer. *Id*. Upon statutory screening, the Court dismissed with prejudice Corbin's claims against the Commonwealth, the Lehigh County Court of Common Pleas, Lehigh County, and individual Defendants Dantos, Reichley, Stauffer, and Martin. *Id*. at * 7-*9   The Court also dismissed with prejudice Corbin's official capacity claims, *id*. at *6, and claims asserting violations of the Thirteenth Amendment, 42 U.S.C. §§ 1981, 1987, 1988, and 1994, and other federal and state criminal statutes. *Id*. at *3 n.5 - n.10. Corbin's claims against the City of Allentown and his malicious prosecution claim were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Id*. at *6-*7, *9. The Court abstained from addressing the remainder of Corbin's claims (*i.e.*, his claims against Officers French and Holveck, and his claims under §§ 1985(3) and 1986) pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Id*. at *10. The case was stayed pending resolution of Corbin's state court appellate proceedings. *Id*. at *11. A review of state court docket reflects that Corbin's

appeal of his conviction remains pending. *See Commonwealth v. Corbin*, CP-39-CR-5062-2019 (C.P. Lehigh).

### B.   Corbin's Current Complaint

The factual allegations in the Complaint removed from state court are virtually identical with those asserted in Corbin's earlier action. Corbin alleges that on October 8, 2019, while walking home, he was detained by Defendant French, who seized Corbin's wrist and accused Corbin of having a dispute with his girlfriend involving a knife. (Compl. at 10.) French conducted a search of Corbin but found no knife. Defendant Holveck arrived at the scene and handcuffed Corbin, whereupon Defendant French conducted a further body search, which revealed a small bulge in Corbin's pocket. Defendant French reached into Corbin's pocket and removed a black latex glove, opened the glove, and found a substance that he suspected to be narcotics. (*Id.* at 10-11.) Defendant French allegedly conducted this search without a warrant or probable cause, and absent exigent circumstances. (*Id.* at 11.)

Upon discovery of the alleged narcotics, Defendant French removed Corbin to the rear of his patrol car and directed Defendant Holveck to investigate the alleged domestic disturbance that precipitated Corbin's detention. (*Id.* at 12.) French assured Corbin that he was not under arrest, merely detained pending an investigation of the domestic disturbance. (*Id.*) Defendant Holveck proceeded to the domestic complainant's location, where he is alleged to have made defamatory remarks about Corbin, to encourage the complainant to provide an incriminating statement.[5] (*Id.* at 13.) Defendants French and Holveck allegedly agreed that Defendant Holveck would obtain a statement from the complainant to support Defendant French's arrest of

---

[5] Holveck allegedly remarked to the complainant, "He's going to jail . . . . We found drugs on him," and "We know he's a drug dealer. He got arrested a little while ago for selling drugs." (*Id.* at 12.)

Corbin on domestic disturbance charges, intending to support the additional drug charges, which would otherwise be based solely on the evidence obtained as a result of the allegedly illegal search. (*Id.*) Corbin alleges that the events surrounding his arrest were recorded on body cameras worn by Defendants French and Holveck, and that the footage establishes that the search was performed without probable cause and exceeded the scope of a "Terry search." (*Id.* at 14.) *See Terry v. Ohio*, 392 U.S. 1 (1968) (a "stop and frisk" does not violate the Fourth Amendment when a police officer reasonably believes that the person apprehended is committing or has committed a crime, and, before proceeding to a pat-down search, the officer reasonably suspects that the person stopped is armed and dangerous).

Corbin was arrested and charged with one count of possession with intent to deliver, two counts of possession of a controlled substance, and one count of making terroristic threats. (*Id.*) Following arraignment, he was detained in the Lehigh County Jail in lieu of $25,000 bail. (*Id.*) On October 10, 2019, Corbin posted bail and was released. (*Id.* at 15.) However, he alleges that, as a result of the October 8, 2019 arrest, his bail in an unrelated matter was revoked by Defendant Dantos.[6] (*Id.*)

Prior to Corbin's December 4, 2019 preliminary hearing, Defendant Stauffer, the Assistant District Attorney representing the Commonwealth in Corbin's case, withdrew the terroristic threats charge; the drug-related charges were bound over for trial. (*Id.* at 16.) Corbin alleges that during the preliminary hearing, he was deprived of effective assistance of counsel by Defendant Marciano, who allegedly provided deficient representation at the preliminary

---

[6] The publicly available docket in *Commonwealth v. Corbin*, No. CP-39-CR-3456-2019 (C.P. Lehigh) confirms that, on October 10, 2019, Corbin's bail was revoked in an unrelated criminal case arising from an August 1, 2019 arrest on drug charges. Defendant Dantos is identified as the presiding judge. (*Id.*)

hearing.[7]  (*Id.*)  On January 16, 2020, Corbin was formally arraigned.  (*Id.* at 17.)  The criminal information was signed by Defendant Martin as District Attorney.  (*Id.*)

Corbin alleges that in the course of his criminal proceedings, he unsuccessfully attempted on numerous occasions to expose the illegal nature of the search that resulted in the charges against him.  (*Id.*)  On March 11, 2020, a hearing was held at which footage from the body cameras worn by Defendants Holveck and French was introduced into evidence.  (*Id.* at 18.)  On March 24, 2020, Defendant Dantos denied Corbin's motion to suppress evidence and dismiss the charges notwithstanding her alleged knowledge that the footage proved the search to be illegal.  (*Id.*)

Corbin alleges that on August 5, 2020, he was released from Lehigh County Prison following the reinstatement of bail in an unrelated matter.  (*Id.* at 19.)  On April 29, 2021, a hearing was held before Defendant Reichley, to whom Corbin's case was assigned following the retirement of Judge Dantos.  (*Id.* at 20).  Body camera footage was again presented that allegedly documented the misconduct engaged in by French and Holveck.  (*Id.*)  On May 25, 2021, Reichley entered an Order denying Corbin's motion to suppress evidence and to dismiss all charges against him.  (*Id.* at 21.)

Corbin's criminal trial commenced on December 3, 2021.  (*Id.* at 22.)  Corbin alleges that during the course of the trial, Defendant Reichley, who presided, insinuated to the jury that he had found the search conducted by Holveck and French to be permissible, thereby strengthening Defendant Stauffer's position, and that Defendant Stauffer intimidated a witness for the defense without reprimand by Defendant Reichley, to Corbin's detriment.  (*Id.* at 22-23.)  Corbin was found guilty on all charges.  (*Id.* at 23.)  Following the guilty verdict, Corbin's bail was increased

---

[7] Corbin also alleges that Marciano was absent during his October 10, 2019 bail hearing, which he alleges was ineffective *per se*.  (*Id.* at 16.)

to $50,000 and other conditions were imposed. (*Id*. at 23-24.) On December 6, 2021, bail was posted by LVBB, which Corbin alleges was owned by Defendant Gorman. (*Id*. at 24.) Corbin alleges that LVBB requested that he post 10% of the total amount of the bail set, rather than the increase in the amount of bail, as required by Rules 533 and 534 of the Pennsylvania Rules of Criminal Procedure, and that he was, as a result, overcharged by $2,500. (*Id*.)

On February 14, 2022, Corbin was sentenced to a term of imprisonment of 66 to 144 months. (*Id.* at 25.) Corbin appealed his judgment of sentence and requested bail pending appeal. (*Id*. at 26.) On April 28, 2022, following a hearing before Defendant Reichley, Corbin's request for bail was granted and his bail was increased to $100,000. (*Id*.) On May 4, 2022, bail was posted by LVBB. Corbin alleges that at the request of LVBB, he posted 7% of the total amount of bail set, rather than the increase in the amount of bail, as required by Rules 533 and 534 of the Pennsylvania Rules of Criminal Procedure, and that he was, as a result, overcharged by $3,500. (*Id*.) On June 3, 2022, Corbin's bail was revoked. (*Id*. at 27.)

Corbin alleges that on May 16, 2023, he filed an Application for Writ of Habeas Corpus in the Pennsylvania Superior Court challenging his continued detention on statutory and constitutional grounds and naming as Respondents Defendants Reichley, Gorman, and McGinley. (*Id*. at 27.) Corbin alleges that these Defendants did not respond to his claims. (*Id*.)

In short, Corbin alleges that all of the named Defendants, individually and in concert, have acted illegally to obtain evidence that resulted in the charges against him, and have further acted to conceal the illegal nature of the search, the resulting inadmissibility of the evidence, and the lack of probable cause supporting the charges upon which he was convicted. As a result, he has been prosecuted, convicted, and incarcerated, has suffered damage to his finances and reputation, and experienced mental anguish and emotional distress. (*Id.* at 27-28.)

Corbin asserts claims for violations of his state and federal civil rights, and for violations of numerous state criminal statutes. (*Id*. at 29, 30, 31-32, 34, 35, 36-37, 38, 39, 41, 42, 44, 45, 46, 47, and 49.) He seeks money damages, prosecution of the Defendants for violations of criminal statutes,[8] injunctive relief, a declaratory judgment, and release from custody.[9] (*Id*. at 30, 52-53.)

## III.  STANDARD OF REVIEW ON STATUTORY SCREENING

Although the filing fee has been paid, the Court has the authority to screen Corbin's Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*); *Carrasquillo v. DelBalso*, No. 19-0853, 2019 WL 7562729, at *4 (M.D. Pa. Dec. 18, 2019) (applying § 1915A(b)(1) to prisoner civil action removed from state court), *report & recommendation adopted by* 2020 WL 201729 (M.D. Pa. Jan. 10, 2020). Section 1915A requires

---

[8] "It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"). Accordingly, Corbin's request that the Defendants be prosecuted for crimes is dismissed with prejudice because it is not plausible.

[9] The Court cannot provide this relief in a §1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus.").

11

that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Corbin is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

"With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E.

12

*Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

## IV.   DISCUSSION

### A.   *Res Judicata*

Many of Corbin's claims in this case are precluded as a result of the dismissal with prejudice of prior claims based on the same subject matter.  "Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated. *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation*

*Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim."  *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*).

Corbin's claims in this case are clearly based on the same series of events at issue in his prior case, which was largely dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Most of the Defendants named in this case were named in Corbin's earlier case.  The fact that Corbin has added additional Defendants in this case does not affect the conclusion that his repeated claims are precluded.  *See Sheridan*, 609 F.3d at 261 ("The fact that there are additional parties in Sheridan II does not affect our conclusion" that claim preclusion applies.)  The dismissal with prejudice of the bulk of Corbin's claims in his prior lawsuit precludes Corbin from reasserting those claims in this lawsuit against those Defendants dismissed with prejudice from the prior lawsuit, whether based on the same or new legal theories.  Accordingly, Corbin's claims against the Commonwealth of Pennsylvania, Lehigh County, and individual Defendants Dantos, Reichley, Stauffer and Martin are dismissed with prejudice.

B.        **Additional Bases for Dismissal of Claims Against Newly Added Defendants**[10]

To the extent Corbin asserts claims that are not precluded against Defendants who were not named in his prior lawsuit, the claims are not plausible and will be dismissed. As noted, the gravamen of Corbin's Complaint is that the Defendants violated his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957

---

[10] Corbin asserts official capacity claims against the newly added individual Defendants. (Compl. at 6-8.) His official capacity claims against Marciano and Gorman, who are employees of private entities, are not cognizable for this reason. *See Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit") citing *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F.Supp.2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit."). Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985). Thus, Corbin's official capacity claims against Marciano and Gorman are duplicative of his claims against the Lehigh County Public Defender's Office and LVBB, respectively, and will be dismissed with prejudice.
    Corbin's official capacity claims against Warden McGinley, an employee of the Pennsylvania Department of Corrections cannot proceed. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court.

F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### 1. Claims Against the Lehigh County District Attorney's Office

Corbin asserts a variety of claims against the Lehigh County District Attorney's Office. (Compl. at 37-38.) The District Attorney's Office must be dismissed with prejudice because the United States Court of Appeals for the Third Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983. *See Reitz v. Cnty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983."); *but see Harper v. City of Philadelphia*, No. 18-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District courts within the Third Circuit disagree about whether the DAO is a separate entity from the City of Philadelphia such that it can be sued separately under § 1983."). Accordingly, Corbin's claims against the Lehigh County District Attorney's Office will be dismissed with prejudice.

### 2. Claims Against Marciano and the Lehigh County Public Defender's Office

Corbin asserts a variety of claims against Defendant Marciano and her employer, the Lehigh County Public Defender's Office. (Compl. at 38-40.) His claims are based on his allegations that Marciano provided ineffective representation at his preliminary hearing on December 4, 2019, and that she did not appear on his behalf at a bail hearing on October 10,

16

2019.  (*Id*. at 16.)  Corbin's claims are not plausible and must be dismissed because neither Marciano nor the Lehigh County Public Defender's Office is a state actor for purposes of § 1983.

"[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").

Since public defenders are not state actors "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Dodson*, 454 U.S. at 325 (footnote omitted), so too their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context.  *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Dodson.*)).  Because

17

Corbin does not allege that Marciano engaged in any conduct that could be described as outside of a lawyer's "traditional functions as counsel to a defendant in a criminal proceeding," he cannot state a plausible claim against her or against her employer, the Lehigh County Public Defender's Office. These claims, accordingly, will be dismissed with prejudice.[11]

### 3. Claims Against Gorman and LVBB

Corbin asserts claims against Defendant Gorman and LVBB, alleging that they required him to post a larger percentage of his bail to obtain a bond than what is required under the Pennsylvania Rules of Criminal Procedure, thereby depriving him of rights under the Pennsylvania and United States Constitutions.[12] (Compl. at 24, 26, 44-45.) These claims are not plausible because neither Gorman nor LVBB is a state actor for purposes of § 1983.

Generally, courts have held that bail bondsmen are not state actors, noting that the acts of receiving bail money and applying it to the bond of a prisoner are not traditional government actions but rather, those of a private citizen or corporation." *Steward v. A.A. Bails Bondsman*

---

[11] Additionally, based on the allegations in the Complaint, any claims Corbin may have had against Marciano and the Lehigh County Public Defender's Office are time-barred. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to Corbin's § 1983 claim and to any legal malpractice claim arising under Pennsylvania law is two years. The conduct giving rise to Corbin's claims allegedly took place on October 10, 2019 and December 4, 2019. (Compl. at 16.) Corbin filed his state court Complaint in June, 2023, nearly two years after the expiration of the applicable statute of limitations. This provides another basis for dismissal of his claims against Marciano and the Lehigh County Public Defender's Office.

[12] Corbin cites to 18 Pa. Stat. and Cons. Stat. § 2907 (pertaining to disposition of ransom); 18 Pa. Stat. and Cons. Stat. § 911 (pertaining to corrupt organizations); and 18 Pa Stat. and Cons. Stat. § 5301 (pertaining to official oppression) but does not explain how these statutes are applicable to his claims against LVBB and Gorman. The claims are, therefore, not plausible. *See also Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) (holding that criminal statutes generally do not give rise to a basis for civil liability).

*Agency*, No. 14-1214, 2014 WL 4824481, at *3 (D.N.J. Sept. 25, 2014) (citing cases); *Hester v. Allentown Police Dep't*, No. 13-4249, 2013 WL 4482453, at *2 (E.D. Pa. Aug. 21, 2013) (concluding that a bail bonds company was not a state actor); *Martinez/Goddard v. Banono*, No. 87-2858, 1987 WL 11931, at *1 (E.D. Pa. June 2, 1987) (dismissing complaint pursuant to 28 U.S.C. § 1915 where plaintiff failed to allege any facts showing that bail bondsman was a state actor). "[B]ail bondsman have been held to be state actors in certain discrete factual contexts, such as when making arrests with the assistance of law enforcement officers or acting in concert with police action." *Steward*, 2014 WL 4824481, at *3 (citing cases); *Jacobs v. A Robert Depersia Agency*, No. 09-0180, 2009 WL 799944, at *2 (D.N.J. Mar. 20, 2009) ("The few exceptions were limited to the cases where bondsmen, acting jointly with police, exercised excessive force during arrests or caused property damage and personal injury upon forcible entry of dwellings: in such cases, the activities of bondsmen were deemed so closely intertwined with those of police officers whom these bondsmen joined, that State action was deemed present."). The factual allegations in the Complaint do not support a claim that either Gorman or LVBB should be held to have been a state actor.  Therefore, Corbin cannot state plausible constitutional claims against Gorman or LVBB and these claims will be dismissed with prejudice.

        **4.**        **Claims Against Warden McGinley**

Corbin asserts a claim against Thomas McGinley, Warden of SCI Coal Township, where Corbin is currently incarcerated.  (Compl. at 46-47.)  The only factual allegation as to McGinley is that he did not respond to a petition for writ of habeas corpus that Corbin alleges he filed in Pennsylvania Superior Court well after he was convicted and sentenced in Lehigh County.  (*Id*. at 27.)  Corbin does not allege that McGinley was involved in the series of events that resulted in Corbin's allegedly illegal prosecution, conviction and incarceration.  As noted, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See*

19

*Rode*, 845 F.2d at 1207; *Dooley*, 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  Because Corbin has not alleged that McGinley was personally involved in the evets that resulted in the harm he seeks to redress, Corbin has not stated a plausible claim against McGinley, and these claims will be dismissed.

## V.   CONCLUSION

For the reasons stated, the Court will deny Corbin's Motion to Remand.  Upon screening Corbin's Complaint, the Court will dismiss his claims against Dantos and Reichley; Martin, Stauffer, and the Lehigh County District Attorney's Office; Marciano and the Lehigh County Public Defender's Office; LVBB and LVBB employee Gorman; SCI Coal Warden Thomas McGinley; Lehigh County; and the Commonwealth of Pennsylvania with prejudice and will dismiss the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(A)(b)(1).  Corbin will not be granted leave to amend but may pursue the claims not dismissed with prejudice in this case in *Corbin v. French*, No. 22-3016 (E.D. Pa.).  An appropriate Order accompanies this Memorandum, which shall be docketed separately.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**